IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PEDRO CASANOVA, #09102-052, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v ) | Case No. 2:05cv816-WHA |
| ) | (WO) |
| SCOTT A. MIDDLEBROOKS, ) | |
| WARDEN, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this *Bivens* action,[1] federal inmate Pedro Casanova ("Casanova") challenges the constitutionality of the medical treatment provided to him at the Federal Prison Camp on Maxwell Air Force Base in Montgomery, Alabama ("FPC Montgomery"). In his complaint, filed August 24, 2005, Casanova asserts that, while at FPC Montgomery, he was denied knee-replacement surgery that was allegedly recommended by an orthopedic specialist,[2] in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Casanova contends that instead of receiving the surgery he needed, he was given pain

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (establishing a cause of action for monetary damages and injunctive relief against federal officials in their individual capacities for a violation of a federal constitutional right). Casanova initiated the action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* Doc. No. 1.) However, because of the nature of the relief sought by Casanova, the court determined that this case should be treated as a *Bivens* action. (*See* Doc. No. 3.)

[2] The orthopedic specialist is not an employee of the Federal Bureau of Prisons.

medication and anti-inflammatory drugs, which caused serious adverse side effects. In addition, Casanova asserts that his pain was exacerbated by his placement on work assignments requiring mobility. Although Casanova complains about conduct by FPC Montgomery Warden Scott A. Middlebrooks, the prison's clinical director, Dr. Orencio Garcia-Brenes, and a mid-level medical practitioner at the prison, Oscar Rodriguez, he names only Middlebrooks as a defendant, and he did not serve Dr. Garcia-Brenes of Rodriguez with his complaint. Casanova seeks declaratory and injunctive relief, including a court order that he immediately be provided with his requested knee surgery.[3]

Casanova is no longer incarcerated at FPC Montgomery. Since filing this action, he has been transferred to another correctional facility within the Federal Bureau of Prisons ("BOP").[4] Accordingly, and based on Casanova's complaint and the specific relief sought, the court concludes that this action is due to be dismissed as moot.

## II. DISCUSSION

In a case such as this, where the only relief requested is declaratory or injunctive in nature, it is possible for events subsequent to the filing of the complaint to make matters moot. *See, e.g., National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Tawwab v. Metz* 554

---

[3]Casanova's original complaint requested monetary damages as well. However, he subsequently withdrew that request. (*See* Doc. No. 5.)

[4]The BOP's website, **http://www.bop.gov/**, reflects that Casanova is currently incarcerated at CCM Phoenix, a community corrections facility located in Phoenix Arizona, and that his projected release date from his sentence is August 25, 2007. Casanova did not provide this court with notice of his change of address. His last filing with this court was on February 7, 2006.

F.2d 22, 23 (2nd Cir. 1977).  Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies."  Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990); see *North Carolina v. Rice*, 404 U. S. 244, 246 (1971) (courts do not sit to render advisory opinions).  Thus, an actual controversy must exist at all times when the case is pending.  *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974).  "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."  *Flast v. Cohen,* 392 U.S. 83, 95 (1968).

In *Saladin v. Milledgeville*, 812 F.2d 687 (11th Cir. 1987), the Eleventh Circuit Court of Appeals stated:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

812 F.2d at 693 (citations omitted).

A case is deemed moot where the problem sought to be remedied has ceased, or where there "is no reasonable expectation that the wrong will be repeated." *Prins v. Coughlin,* 76 F.3d 504, 506 (2nd Cir. 1996).  Under this reasoning, a transfer from a prison facility moots an action for injunctive and declaratory relief against the transferring facility because the inmate is no longer located there.  *See id*. (where inmate was transferred from Green Haven to Clinton facilities to a facility in Florida, his request for injunctive relief

3

against Green Haven and Clinton was moot); *Young v. Coughlin,* 866 F.2d 567, 568 n.1 (2nd Cir. 1989) (plaintiff's transfer from the facility against which he sought declaratory and injunctive relief rendered those claims moot); *Darring v. Kincheloe,* 783 F.2d 874, 876-77 (9th Cir. 1986) (after an inmate is transferred, there is neither a "reasonable expectation" nor a "demonstrated probability" that the inmate will return to the prison against which he sought injunctive relief and therefore claim for injunctive relief is moot).

Casanova is no longer an inmate at FPC Montgomery. He is, therefore, no longer subject to the conditions about which he complains. Because Casanova has been transferred to another penal institution, there is no longer a case or controversy to litigate, and Casanova's claims are due to be dismissed as moot.[5] *See County of Los Angeles v. Davis*,

---

[5] As indicated above, Casanova names only Warden Middlebrooks as a defendant in his complaint. It is well-established law that a medical-treatment claim cannot be brought against the managing officer of a prison absent allegations that he was personally connected with the denial of treatment. *See Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977). Casanova's complaint against Warden Middlebrooks is not for his failure to provide medical treatment, but premised essentially on the principle of *respondeat superior* in line with his official capacity. However, a plaintiff cannot predicate liability for an alleged constitutional violation on a theory of *respondeat superior*. *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 694-95, (1978); *Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985); *Vinnedge v. Gibbs*, *supra*. This court finds nothing in the record suggesting that Warden Middlebrooks either exhibited "deliberate indifference" to Casnanova's medical needs by means of interference with the prison health-care personnel's performance or in any other manner which would satisfy the Supreme Court standard established in *Estelle v. Gamble*, 429 U.S. 96 (1976). *See also Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). Furthermore, as a supervisory official, Warden Middlebrooks was entitled to rely on the medical judgments made by prison medical personnel as to Casanova's health care needs. *Id.* at 854-55. There is nothing indicating that Warden Middlebrooks was involved in Casanova's medical treatment or lack thereof. Thus, Casanova fails to suggest any evidence that this defendant's actions or inactions caused the constitutional deprivation. Moreover, he has pointed to no case that establishes that the warden of a correctional institution has a duty to directly supervise medical staff, to set policy for the medical staff, or to intervene in treatment decisions where he is not informed by medical personnel that intervention is necessary to prevent a constitutional wrong. Accordingly, even if Casanova's claims
(continued...)

440 U.S. 625, 631 (1979); *Murphy v. Hunt,* 455 U.S. 478, 481-82 (1982); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

### III. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that Casanova's complaint be DISMISSED with prejudice as moot.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before September 6, 2007.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 23rd day of August, 2007.

---

[5](...continued)
were not moot, he would not prevail on the merits of the claims.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE